

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00051-CR

---

CLIFFORD CLARK, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 17F1154-102

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Clifford Clark was convicted after a bench trial of arson of a building and sentenced to twenty years' imprisonment. *See* TEX. PENAL CODE ANN. § 28.02(a)(2)(A). The trial court ordered the sentence to run concurrently with two other arson convictions Clark appeals in companion cause numbers 06-19-00033-CR and 06-19-00034-CR, and consecutively with two convictions for harassment while in a correctional or detention facility, which Clark appeals in companion cause number 06-19-00023-CR. *See* TEX. PENAL CODE ANN. § 22.11(a). The trial court also ordered Clark to pay $234.00 in court costs for all five convictions even though the charges were consolidated for trial.

Clark's brief raises an issue common to his appeals in this case and in cause numbers 06-19-00033-CR and 06-19-00034-CR. Specifically, Clark argues that the trial court erred in admitting the hearsay testimony of a deputy fire marshall. For reasons stated in our opinion in cause number 06-19-00033-CR, we find that Clark was unharmed by error, if any, in the admission of the testimony.

Clark has also filed a brief in which he raises issues common to all of his appeals. He argues that (1) the record does not contain sufficient evidence showing his competence to stand trial was evaluated by a qualified psychologist, (2) the trial court erred in finding him competent to stand trial, (3) his counsel rendered ineffective assistance in failing to request an evaluation of his sanity at the time of the offense, (4) his oral waiver of a jury trial was invalid and unintelligently made on the trial court's representation that all sentences would run concurrently, (5) each

2

judgment mistakenly references the existence of a plea bargain, and (6) the trial court erred in assessing duplicative court costs.

We addressed these issues in detail in our opinion of this date on Clark's appeal in cause number 06-19-00023-CR. For the reasons stated therein, we likewise conclude that Clark's first complaint is meritless and unpreserved, the trial court did not abuse its discretion in finding Clark competent to stand trial, and Clark failed to meet his burden to show counsel rendered ineffective assistance. We also find Clark's jury trial waiver valid because he was not harmed by the lack of a written waiver and the record fails to show Clark's waiver was based on misinformation that his sentences would not be stacked.

However, because we sustain Clark's last two points of error, we modify the judgment by deleting the phrase "Terms of Plea Bargain" and delete the assessment of court costs. As modified, we affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     November 13, 2019
Date Decided:       January 6, 2020

Do Not Publish

3